# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| YOOSUF MOMENT,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, SCOTT NELSON, DUBUQUE COUNTY and DUBUQUE COUNTY JAIL,<br><br>            Defendants. | No. C19-1029-LTS<br><br>**ORDER** |
| YOOSUF MOMENT,<br><br>            Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY, SCOTT NELSON, DUBUQUE COUNTY JAIL, MARK HOSTAGER AND MICHAEL SHUBATT,<br><br>            Defendants. | No. C19-1032-LTS<br><br>**ORDER** |
| GERALD NAPERMANN,<br><br>            Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY, SCOTT NELSON, DUBUQUE COUNTY JAIL, MARK HOSTAGER AND MICHAEL | No. C19-1033-LTS<br><br>**ORDER** |

SHUBATT,

        Defendants.

---

| | |
|---|---|
| DEREK SANDERS,<br><br>        Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY, SCOTT NELSON, DUBUQUE COUNTY JAIL, MARK HOSTAGER AND MICHAEL SHUBATT,<br><br>        Defendants. | No. C19-1034-LTS<br><br>**ORDER** |

---

| | |
|---|---|
| YOOSUF MOMENT,<br><br>        Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY JAIL,<br><br>        Defendant. | No. C19-1035-LTS<br><br>**ORDER** |

---

| | |
|---|---|
| YOOSUF MOMENT,<br><br>        Petitioner,<br><br>vs. | No. C19-1036-LTS<br><br>**ORDER** |

| STATE OF IOWA, | |
| --- | --- |
| Respondent. | |

This matter is before me pursuant to multiple cases filed by or involving plaintiff/petitioner Yoosuf Moment.

### I.  C19-1029-LTS

On October 17, 2019, Moment filed a document that the United States District Court for the Eastern District of Arkansas construed as an attempted 42 U.S.C. § 1983 complaint and transferred to this court. *See* C19-1029-LTS, Doc. No. 3. On October 25, 2019, I entered an initial order finding that, although Moment filed a motion to proceed in forma pauperis, he had failed to provide a prison account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, I gave Moment thirty days to file an amended in forma pauperis motion. Doc. No. 5. In that order, I also noted Moment failed to name any appropriate defendants and directed him to file an amended complaint. *Id*.

Since that time stated Moment has filed several supplements (Doc. Nos. 6-8), an amended complaint (Doc. No. 9) and an amended motion to proceed in forma pauperis (Doc. Nos. 10, 11). In his amended complaint, Moment appears to be making two general claims.[1] The first, has to do with his state court criminal case and the second is about medical care he received at the Dubuque, Iowa, County Jail.

#### A.  *Application to Proceed In Forma Pauperis*

Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the

---

[1] Pursuant to the amended complaint, defendants Dubuque County, Dubuque County Jail and Scott Nelson have been added to this case.

prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Moment, an inmate at the Dubuque County Jail, has submitted documents (Doc. Nos. 10, 11) that substantially comply with those requirements. Because it is clear that he does not have the assets necessary to pay the filing fee, his application is granted.

However, even though the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that plaintiff submitted, the court finds that initial partial filing fee is $73.68. (*See* Doc. No. 1 at 3). Plaintiff shall submit $73.68 by no later than thirty days from the date of this order. If the court does not receive payment by this deadline, the instant action shall be dismissed pursuant to Fed. R. Civ. P. 41(b) (permitting dismissal when a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259–60 (8th Cir. 1997) (explaining court's

power to dismiss an action). If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

## B.  *Initial Review Standard*

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that, although pro se complaints must be liberally construed, they must allege sufficient facts to support the claims that are advanced). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### C. Initial Review Analysis

#### 1. § 1983 Standard

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy

for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## 2. *Plaintiff's Claims*

Moment's claims are contained primarily in his amended complaint (Doc. No. 9), although he has also filed a number of supplements/exhibits (Doc. Nos. 6-8). As noted above, Moment appears to be making two general claims. The first relates to the state court criminal case against him and the second is a medical claim.

### i. *State Court Prosecution*

Moment's first claim is that Scott Nelson, his state public defender "commit[ted] treason" in his case. Moment also claims that several state court judges acted inappropriately in his case.

For purposes of § 1983, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("[p]ublic defenders do not act under

color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). However, defense attorneys do not enjoy absolute immunity and an allegation of wrong doing outside traditional attorney functions, such as a conspiracy, can state a claim pursuant to § 1983. *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). In this case it seems Moment is alleging, essentially, that his public defender provided ineffective assistance of counsel because he did not object to a speedy trial issue. That is a traditional attorney function. Accordingly, Moment's state public defender, Scott Nelson, is immune and he is dismissed from this case.

Similarly, judges enjoy absolute judicial immunity, which "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice…." *Id.*; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly…."). A judge is not entitled to judicial immunity in only two sets of circumstances: (1) for nonjudicial actions, which are actions that are taken out of the judge's judicial capacity; and (2) functions that were judicial in nature, if the actions were taken in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12; *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from . . . liability."); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("[A] judge is entitled to absolute immunity if the acts complained of were 'judicial acts' and were not taken in the 'clear absence of all jurisdiction.'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978))). In determining whether an act by a judge is "judicial," courts must consider "whether the judge was interacting with the complaining party in a judicial capacity." *Liles*, 804 F.2d at 495. In this case, Moment is complaining about traditional judicial functions, such as setting bond, conducting hearings and making determinations about probation violations. Accordingly, Moment's claims regarding the judges in his state court prosecution fail because judges are immune from suit. Because no non-immune

defendants remain, Moment's claim regarding his state court prosecution is denied and dismissed.

### ii. *Medical Claims*

Moment's second claim relates to medical care. "[Liability under 42 U.S.C. § 1983 may be imposed] for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).[2] An inadequate medical care claim is governed by the Eighth Amendment deliberate-indifference standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id*. at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

*Id*. at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

To establish an official's deliberate indifference to a serious medical need, a plaintiff must demonstrate: (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. *Robinson v. Hager*, 292

---

[2] The deliberate indifference standard applies to both inmates and pretrial detainees. *Jackson*, 756 F.3d at 1065.

F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish such a violation, a plaintiff must demonstrate both an objective and subjective component. *Coleman*, 114 F.3d at 784. An imperative prerequisite to success on this claim is that the officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This showing requires a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon,* 454 F.3d at 862. The result of that requirement is the necessary implication that negligent failure to diagnose and negligent treatment are insufficient to support a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

Moment alleges that, among other issues, he suffers from mental illness. Moment alleges he has told defendants about his mental health issue but they refuse to provide him with his prescribed medications and have refused to let him see medical professionals. He alleges he has "suffered more than you could possibly imagine" and his symptoms have included headaches and bloody noses. Based on forgoing, Moment has alleged a plausible deliberate indifference claim. However, Moment has failed to name any appropriate defendants for this claim.

42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[3] Accordingly, the proper

---

[3] Municipalities, however, may be found liable in a § 1983 case under limited circumstances, pursuant to the rational articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).

defendant in a § 1983 action is the specific person who is alleged to have committed a constitutional violation. Moment has seemingly sued the State of Iowa, Dubuque County and the Dubuque County Jail. The State of Iowa is clearly immune from suit and is dismissed from this case. Additionally, Moment has failed to make any claim against Dubuque County and the Dubuque County Jail which would allow his deliberate indifference claim to survive summary dismissal. Accordingly, I will grant Moment one final opportunity to file an amended complaint regarding his medical claim. That complaint must be filed within thirty days from the date of this order and list the specific defendants who have failed to provide him medical care. If Moment fails to file an amended complaint within thirty days, this case will be dismissed with no further order from the court. The Clerk of Court's Office is directed to send Moment a copy of the standard § 1983 form. If Moment files an amended complaint naming the appropriate defendants, I will direct the Clerk of Court's Office to have the amended complaint served.

## II. *C19-1032-LTS, C19-1033-LTS and C19-1034-LTS*

These three cases consist of a complaint (C19-1032-LTS, Doc. No. 2; C19-1033-LTS, Doc. No. 1; C19-1034-LTS, Doc. No. 1) filed in the Eastern District of Arkansas on November 5, 2019 naming Moment, Gerald Napermann, and Dereck Sanders as plaintiffs. The Eastern District of Arkansas chose to file the complaint as three separate cases based on the three plaintiffs and transferred each to this court.

Although the complaint names Moment, Napermann and Sanders as plaintiffs, Moment is the only plaintiff to sign the filing and the allegations seemingly relate only to Moment. Additionally, none of the plaintiffs paid the 28 U.S.C. § 1914 filing fee and

only Moment filed a motion to proceed in forma pauperis.[4] (C19-1032-LTS, Doc. No. 1). Because there is no indication that plaintiffs Napermann or Sanders intended to file or prosecute this case, and neither paid the filing fee, cases C19-1033-LTS and C19-1034-LTS are **denied** and **dismissed**.

In the complaint 19-1032-LTS, Moment makes the same two claims he makes in C19-1029-LTS, specifically that he is being held even though his underlying state court prosecution is improper, and he has not received adequate medical care while in custody. Accordingly, C19-1032-LTS is **denied** as duplicative of Moment's other ongoing case regarding the same issues. The motion to proceed in forma pauperis (C19-1032-LTS, Doc. No. 1) is **denied** as moot. The Clerk of Court's Office is directed to file the complaint in C19-1032-LTS as a supplement in C19-1029-LTS.

### III. *C19-1035-LTS*

This case consists of a handwritten complaint mailed by Moment complaining of the conditions at the Dubuque County, Iowa, Jail.[5] The document lists "inmates currently in Dubuque County Jail." *See* C19-1035-LTS, Doc. No. 1. However, it is not clear from the document which inmates are attempting to file the case, and no defendants are clearly listed. Additionally, no one paid the filing fee or applied to proceed in forma pauperis. Accordingly, the Clerk of Court's Office is directed to send Moment a copy of the standard § 1983 form and standard motion to proceed in forma pauperis form. Plaintiffs will be given thirty days to use the provided form to file an amended complaint. The amended complaint must clearly state every plaintiff and must be signed by every

---

[4] The § 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50 . . ..").

[5] The filing appears to be two copies of a three-page complaint titled "class action" filed together as one document.

plaintiff. The amended complaint must also state and number the specific claims they are making. The amended complaint must state who the defendants are. Additionally, plaintiffs must either pay the filing fee or *each* file a motion to proceed in forma pauperis which includes a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). [6] If plaintiffs need additional copies of the motion to proceed in forma pauperis form, they may request them from the Clerk of Court's Office. If plaintiffs fail to file an amended complaint or fail to either pay the filing fee or each file a motion to proceed in forma pauperis, this case will be dismissed with no further order of the court.

### IV. C19-1036-LTS

In C19-1036-LTS Moment filed a 28 U.S.C. § 2254 petition (C19-1036-LTS, Doc. No. 1) along with a motion to proceed in forma pauperis (C19-1036-LTS, Doc. No. 2).

*1. Motion to Proceed In Forma Pauperis*

Moment did not pay the filing fee but filed a motion to proceed in forma pauperis (C19-1036-LTS, Doc. No. 2). [7] For the court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1).

---

[6] Plaintiffs are reminded that they, like all incarcerated plaintiffs, will be required to pay the entire filing fee in installments, even if granted in forma pauperis status. *See* 28 U.S.C. § 1915(b)(1).

[7] The § 2554 fee is a $5.00 statutory fee set out in 28 U.S.C. § 1914(a).

In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2); *see also* Rules Governing § 2254 Cases, Rule 3(a)(2) (making the affidavit requirement of 28 U.S.C. § 1915 applicable to prisoners proceeding in § 2254 cases).[8]

Moment's motion to proceed in forma pauperis complies with the rules set out above. However, according to those documents Moment has sufficient funds to pay the $5.00 filing fee. Accordingly, his motion to proceed in forma pauperis (Doc. No. 2) is **denied**. Moment is directed to pay the $5.00 filing fee within thirty days of the date of this order.

*2.    Initial Review*

In his petition (C19-1036-LTS, Doc. No. 1), Moment states he was found not guilty in case *State v. Moment*, 01311 FECR 134192 (Dubuque County, Iowa 2019) in September of 2019. That appears to be true. However, on the first page of his petition, Moment also states he was found not guilty in *State v. Moment*, 01311 AGCR 131478 (Dubuque County, Iowa 2019).[9] A review of the relevant publicly available state court records reveals that Moment pleaded guilty in that case in April 2019, and is currently incarcerated on a probation violation from that case.[10] There is no evidence Moment appealed the underlying conviction in *State v. Moment*, 01311 AGCR 131478 (Dubuque

---

[8] However, the remaining portions of the Prison Litigation Reform Act are not applicable to habeas proceedings. *See Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001), citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997); *see also Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997) and *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000).

[9] Elsewhere in the petition Moment seemingly admits that he pleaded guilty but says he did so because of the ineffective assistance of counsel.

[10] A probation revocation hearing was apparently held on November 15, 2019.

County, Iowa 2019) nor has he filed any post-conviction relief actions related to that case.

28 U.S.C. § 2254 states that the court cannot grant a habeas petition unless the "applicant has exhausted the remedies available in the courts of the State." It is clear that Moment has not exhausted his state court remedies. He only recently had an initial hearing regarding the probation violation on which he is currently incarcerated. Accordingly, his 28 U.S.C. § 2254 petition (C19-1036-LTS, Doc. No. 1) is **denied** without prejudice to refiling once Moment has exhausted his state court remedies. *See* Rules Governing § 2254 Cases, Rule 4, stating, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . ." No certificate of appealability shall issue.

## V. ADMONITION

In the past two months, Moment has inundated two different federal district courts with a variety of pro se filings. Moment has the right to address his grievances in federal court to the extent allowed by law. However, Moment is not taking the time to file his cases in a manner that is consistent with either the Federal Rules of Civil Procedure or the Local Rules. While the Supreme Court has instructed district courts to liberally construe pro se filings (*see Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), Moment is hereby warned that his filings may be summarily rejected if they do not conform to some basic standards in the future: 1) at the top of the first page of each filing Moment must state the purpose of the filing; 2) at the top of the first page of each filing Moment must put the case's assigned case number; 3) Moment must clearly number the pages of each filing in the following manner, "page # out of #"; 4) Moment, and all other plaintiffs, must

sign each filing; and 5) if Moment intends to file any additional cases he must use the appropriate standard form available from the Clerk of Court's Office.[11]

Finally, I remind Moment of 28 U.S.C. § 1915(g). That section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

1. In C19-1029-LTS, Moment's amended motion to proceed in forma pauperis (C19-1029-LTS, Doc. No. 10) is **granted.**

2. The court will consider the complaint (C19-1029-LTS, Doc. No. 2) and the amended complaint (C19-1029-LTS, Doc. No. 9) as filed without the prepayment of fees.

3. In C19-1029-LTS, Moment is directed to submit an initial partial filing of $73.68 by no later than thirty days from the date of this order. If necessary, he may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding

---

[11] Moment is free to write the Clerk of Court's Office to receive additional copies of the standard forms.

month's income credited to his account each time the amount in the account exceeds $10.00.

4. Upon initial review, defendants State of Iowa and Scott Nelson are **dismissed** from C19-1029-LTS. Additionally, Moment's claim regarding his state court prosecution is **denied**.

5. Moment will be given thirty days from the date of this order to file an amended complaint in C19-1029-LTS regarding his medical claim. If he fails to file an amended complaint within thirty days, C19-1029-LTS will be dismissed with no further order of the court.

6. The Clerk of Court's Office is directed to send a copy of this order and the notice of collection of the filing fee to the appropriate official at the place where plaintiff is an inmate.

7. The Clerk of Court's Office is directed to send Moment two copies of the standard § 1983 form.

8. In C19-1032-LTS, Moment's motion to proceed in forma pauperis (C19-1032-LTS, Doc. No. 1) is **denied** as moot. The complaint (C19-1032-LTS, Doc. No. 2) is **denied** and the case is **dismissed**. The Clerk of Court's Office is **directed** to file the complaint (C19-1032-LTS, Doc. No. 2) as a supplement in C19-1029-LTS.

9. In C19-1033-LTS the complaint (C19-1033-LTS, Doc. No. 1) is **denied** and the case is **dismissed**.

10. In C19-1034-LTS the complaint (C19-1034-LTS, Doc. No. 1) is **denied** and the case is **dismissed**.

11. In C19-1035-LTS the Clerk of Court's Office is **directed** to send Moment a copy of the standard motion to proceed in forma pauperis form. Moment and any additional plaintiffs are given thirty days to file an amended complaint, and either pay the filing fee or each file a motion to proceed in forma pauperis that complies with the rules. If no additional action is taken

within in thirty days, the case will be dismissed with no further order of the court.

12. In C19-1036-LTS, Moment's motion to proceed in forma pauperis (C19-1036-LTS, Doc. No. 2) is **denied**. Moment is given thirty days from the date of this order to pay the $5.00 filing fee.

13. Upon initial review, Moment's 28 U.S.C. § 2254 petition (C19-1036-LTS, Doc. No. 1) is **denied** without prejudice. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED** this 4th day of December, 2019.

_____
Leonard T. Strand, Chief Judge

TO: **WARDEN/ADMINISTRATOR**
**Dubuque County Law Enforcement Center, Dubuque, Iowa.**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Yoosuf Moment an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Moment v. Dubuque County, et al.*, C19-1029-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's statements, the court has assessed an initial partial filing fee of $73.68, which the inmate must pay now to the clerk of court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after plaintiff pays the initial partial filing fee of $73.68, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If plaintiff has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of plaintiff shall collect and remit the filing fee as set forth above.

By: /s/ des, Deputy Clerk
—————————————
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa